UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Otis R. Jackson, | ) C/A No. 6:09-1796-MBS-WMC |
| | ) |
| Plaintiff, | ) |
| | ) **REPORT AND** |
| vs. | ) **RECOMMENDATION** |
| | ) |
| Mr. Randy Chambers *aka* Randell Lee Chambers; | ) |
| and Chambers Law Firm, | ) |
| | ) |
| Defendants. | ) |
| ———————————————————— | ) |

The plaintiff, Otis R. Jackson ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a detainee at the Greenville County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as defendants the law firm and the attorney defending Plaintiff in a pending criminal proceeding. Plaintiff seeks monetary damages for violation of his constitutional rights based on the defendant's failure to seek a reduction in his bond, so he can be released from detention. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989);

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i-iii).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the

pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

<u>Discussion</u>

The law is well settled that federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). Because the complaint in this case is filed pursuant to 42 U.S.C. § 1983, this Court could have subject matter jurisdiction under 28 U.S.C. § 1331, "federal question." A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

The civil rights statute, 42 U.S.C. § 1983, "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). To act under color of state law for purposes of § 1983, an individual's action that allegedly causes the deprivation of a federal right must be "fairly attributable to the state." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) *quoting Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). State action is required because "most rights secured by the Constitution are protected only

against infringement by governments." *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

The complaint in this case fails to state a claim pursuant to § 1983. The defendant is an attorney appointed to represent Plaintiff in a criminal case. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a prerequisite for suit brought pursuant to 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender). The complaint also names as a defendant the Chambers Law Firm. The complaint, however, makes no allegations that allege state action by the law firm, so the law firm also cannot be liable under § 1983. The complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

## Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without service of process.

s/William M. Catoe
United States Magistrate Judge

August 14, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page**.

4

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).