IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Otis R. Jackson, #284886, ) | |
| ) | C.A. No. 6:09-1796-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Mr. Randy Chambers a/k/a Randell Lee ) | |
| Chambers; and Chambers Law Firm, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Otis R. Jackson, proceeding *pro se*, filed the within action pursuant to 42 U.S.C. § 1983 on July 9, 2009 against Randell Lee Chambers ("Chambers"), and the Chambers law firm. Plaintiff is currently housed at Lee Correctional Institution. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the United States Magistrate Judge William M. Catoe for pretrial handling. On August 14, 2009, Plaintiff was granted leave to proceed *in forma pauperis*. That same day, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted. On August 25, 2009, Plaintiff filed objections to the Report and Recommendation.

**BACKGROUND**

In his complaint, Plaintiff alleges that his court appointed counsel in a state criminal proceeding has violated his rights by failing to get his bond reduced so that he can be released from detention. Plaintiff alleges that he has been detained for over twenty months without being able to meet his bond. Plaintiff seeks monetary damages for his alleged injuries.

**DISCUSSION**

The Magistrate Judge makes only a recommendation to this court. The recommendation has

no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination on any portions of the Report and Recommendation to which a specific objection is made. *Id.* The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

The Magistrate Judge indicated that this case should be dismissed for failure to state a claim under 42 U.S.C. § 1983 because an attorney does not act under color of state law, which is a prerequisite to a § 1983 suit. The Magistrate Judge also indicated that because the complaint makes no allegations of state action by the Chambers Law Firm, the law firm cannot be liable under § 1983. In his objections, Plaintiff does not take issue with this reasoning, but instead argues that he has been deprived of his constitutional rights and that Chambers should be held accountable. These objections do not direct the court to a specific error in the Magistrate Judge's Report and Recommendation. Nevertheless, the court has conducted a *de novo* review of the issue and concludes that the Magistrate Judge has properly applied the applicable law.

## CONCLUSION

Based upon the foregoing, the court adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, Plaintiff's complaint is summarily dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
United States District Judge

May 11, 2010
Columbia, South Carolina